IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                No. CR  06-1619  JB

MIGUEL JUSTO-CHAVEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum and Objections to the Pre-Sentence Report, filed October 23, 2006 (Doc. 15)("Defendant's Memorandum"); and (ii) Defendant's Supplemental Sentencing Memorandum, filed November 2, 2006 (Doc. 17)("Defendant's Supplement").  The Court heard argument on the Objections at the sentencing hearing on November 21, 2006.  The primary issues are: (i) whether the Presentence Investigation Report ("PSR"), which the United States Probation Office ("USPO") prepared, properly calculated Defendant Miguel Justo-Chavez' criminal history category, because there is no record of Justo-Chavez validly waiving his right to counsel in connection with one of the convictions for which he was assigned a criminal history point; (ii) whether the Court should grant Justo-Chavez a downward departure under the United States Sentencing Guidelines, because he rejected a fast-track plea agreement to preserve his right to argue that a criminal history category of V overstated his criminal history; and (iii) whether the Court should vary downward from the sentence the Guidelines recommend consistent with its authority under United States v. Booker, 543 U.S. 220 (2005).  For reasons given at the sentencing hearing on November 21, 2006, for reasons consistent

with the reasons given at that time, because the Court believes that the USPO has properly calculated Justo-Chavez' criminal history category, and because, after an adjustment in his criminal history to a category of IV, the Court believes that the Guidelines produce a reasonable sentence in this case, the Court will overrule Justo-Chavez' objections. Pursuant to U.S.S.G. § 4A1.3(b), the Court will grant a downward departure to a criminal history category of IV. The Court will not grant any other departure or otherwise vary from the Guidelines.

The Court believes that the USPO has properly assigned Justo-Chavez a criminal history point for the conviction listed in paragraph 23 of the PSR. Justo-Chavez bears the burden to prove that his previous conviction is constitutionally infirm, and he has not presented any evidence in support of that contention. The USPO also points out, however, that of Justo-Chavez' ten criminal history points, nine points resulted from two felonies that occurred within a ten month period. See PSR ¶ 44, at 11. Of those nine points, three points resulted from the timing, and not the nature, of the offenses. In its criminal history calculation, the USPO added two points to Justo-Chavez' criminal history score because his first felony offense was committed while he was on one year of parole under the supervision of the Colorado Department of Corrections, see U.S.S.G. § 4A1.1(d), and a third point because Justo-Chavez' offense of conviction was committed less than two years after being released from custody, see U.S.S.G. § 4A1.1(e). See PSR ¶¶ 25-26, at 7-8.

In light of these factors, the USPO has concluded that, "when compared with other defendants in criminal history category V, this category does over represent the seriousness of the defendant's criminal history." See PSR ¶ 44, at 11. The United States concurs with the USPO's conclusion that Justo-Chavez' criminal history category is over-represented when compared to other similarly situated defendants and admits that a criminal history category of IV would likely be a more accurate

reflection of his criminal history. See United States' Response to Sentencing Memorandum and Objections to the Pre-Sentence Report Filed October 25, 2006 and November 6, 2006 at 2, filed November 6, 2006 (Doc. 18); Transcript of Hearing at 5:1-3 (Pflugrath)(taken November 21, 2006)("Transcript").[1] Because the Court agrees with the USPO and the United States that a criminal history category of IV would be a more accurate reflection of Justo-Chavez' criminal history, it will grant a downward departure to a criminal history category of IV pursuant to its authority under U.S.S.G. § 4A1.3(b).

Justo-Chavez requests the Court grant him a downward departure under the Guidelines to compensate for sentencing disparities between himself and similarly situated defendants who have been convicted of illegal re-entry, but pled guilty under the United States Attorney's Fast-Track Program in exchange for shorter sentences. See Defendant's Supplement at 3. Justo-Chavez notes that Congress has endorsed the policy underlying fast-track programs by authorizing district courts to grant a downward departure of no more than four levels if a defendant pleads guilty pursuant to such a program. See id.; PROTECT ACT § 401(m)(2)(B), 108 Pub. L. No. 21 117 Stat. 650, 675. Justo-Chavez also contends that, "[a]lthough a District Court is not obligated to depart downward in all cases of illegal re-entry after deportation simply because of the Attorney General's Early Disposition Program, many courts have recognized that a District Court may reduce sentences to remedy unwarranted disparities caused by fast track programs." Defendant's Supplement at 3.

The Court will not grant a downward departure under the Guidelines. While Justo-Chavez notes the Congressional endorsement of downward departures pursuant to early disposition

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

programs, he has not pointed to any guideline that would authorize a departure, and the Court believes that it would be inappropriate to confer upon him the benefit of the fast-track program without him entering into a fast-track agreement. Moreover, the Court notes that, the guideline that expressly authorizes departures pursuant to early disposition programs, U.S.S.G. § 5K3.1, requires the United States to submit a motion requesting such a departure, and the United States has not so moved in this case. In any case, even if the Guidelines authorized a downward departure, the Court does not believe a departure is warranted under the facts and circumstances of this case, and would exercise its discretion not to depart. The Court believes that Justo-Chavez' case falls within the heartland of re-entry cases that federal courts in this district, throughout the border states, and across the nation routinely see. Justo-Chavez has not presented evidence of any unique facts or circumstances that take his case out of the heartland of re-entry cases.

The Court does not believe that failure to give Justo-Chavez a departure creates a disparity between similarly situated defendants. Because Justo-Chavez did not plea pursuant to the fast-track program, he is not similarly situated to those who have availed themselves of that program. Although Justo-Chavez did not require the United States to indict him, see Waiver of Indictment, filed August 4, 2006 (Doc. 11), he has retained his right to argue that his criminal history category overstated his criminal history, and to appeal his sentence.

Justo-Chavez requests the Court grant a variance from the sentence it has calculated under the Guidelines. Justo-Chavez suggests that the way the Guidelines calculate a sentence for illegal re-entry is inherently unreasonable; Justo-Chavez does not, however, submit any grounds for this assertion other than his contention that the calculation often results in harsh sentences. See Defendant's Memorandum at 7-8. Justo-Chavez also argues that the Guidelines ignore the unique

mitigating circumstances which are present in his case.  See id. at 8.

The Court will not grant a downward variance from the guideline sentence.  The Court believes that the sentence the Guidelines produce is reasonable, and that Justo-Chavez is similarly situated to many other defendants the Court sees that do not accept a fast-track plea agreement for various reasons.  Indeed, the Court believes it might actually create a disparity between similarly situated defendants if it were to grant a variance in this case.  The Court does not believe that the sentence the Guidelines produce is greater than necessary to achieve federal sentencing goals.  The Court also acknowledges that, even after it adjusts Justo-Chavez' criminal history category to IV, his calculated criminal history total remains high, and therefore several of the other 18 U.S.C. § 3553(a) factors the Court must consider in its United States v. Booker analysis -- the need for the sentence to protect the public and afford adequate deterrence, specifically -- counsel for the imposition of a guideline sentence.

**IT IS ORDERED** that the Defendant's objections to the PSR are overruled.  Pursuant to U.S.S.G. § 4A1.3(b), the Court will grant a downward departure to a criminal history category of IV.  The Court will not grant any other departure or otherwise vary from the Guidelines.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
William J. Pflugrath
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian A. Pori
Inocente, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*